[Civ. No. 4827.   Second Appellate District, Division One.—June 4, 1926.]

## CATHERINE ELLEN COOPS, Appellant, v. RALPH FREEMAN COOPS, Respondent.

[1] DIVORCE—CONFLICTING EVIDENCE—FINDINGS—APPEAL.—In an action for divorce based upon the alleged grounds of extreme cruelty and wilful neglect, where the evidence is conflicting and there is no contention on appeal that the evidence is insufficient to sustain the findings in favor of defendant, the appellate court will not reverse the judgment on the ground that the evidence was of such a nature as to justify the trial court in finding for the plaintiff instead of for the defendant.

---

(1) 4 C. J., p. 775, n. 26, p. 883, n. 33; 19 C. J., p. 193, n. 32, p. 194, n. 33.

1. See 9 Cal. Jur. 780; 9 R. C. L. 470.

APPEAL from a judgment of the Superior Court of Los Angeles County. William C. Doran, Judge. Affirmed.

The facts are stated in the opinion of the court.

George W. Homan and A. G: Reily for Appellant.

Jarrott & Jarrott for Respondent.

YORK, J.—This is an action for divorce based upon the alleged grounds of extreme cruelty and wilful neglect. The extreme cruelty alleged in plaintiff's complaint was of the class known as mental cruelty. The plaintiff alleged in her complaint that the defendant had been guilty of inflicting extreme cruelty on the plaintiff at many times, by conduct of a cruel and inhuman nature, and that it consisted largely of inflicting grievous mental suffering on the plaintiff; and then alleges certain specific instances wherein it is stated that the conduct of the defendant was detrimental to the health of the plaintiff and that of the minor child of the plaintiff and defendant. She alleges that these specific acts impaired their health to such an extent that life for the plaintiff with the defendant was "insupportable and impossible."

[1] Plaintiff's appeal is based upon the assumption—an assumption contrary to law—that this court is authorized to pass upon the merits of findings of fact which have resulted from the trial court's consideration of conflicting evidence. Counsel for appellant limit their contention to the proposition that the evidence "was of such a nature as to justify the court in finding for the plaintiff instead of for the defendant." They do not contend, and upon the record it is clear that they could not successfully contend, that the evidence is insufficient to sustain the findings as made. Some of the principal charges made by the plaintiff in her testimony were denied by the defendant in the testimony given by him. Assuming, as we must, that the court was justified in believing the testimony of the defendant, the established facts are insufficient to warrant a divorce upon either one of the alleged causes of action. The court having the parties before it, having heard the evidence and

having thus decided the matter, this court will not interfere with its judgment.

The judgment is confirmed.

Conrey, P. J., and Houser, J., concurred.